# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2022

Lyle W. Cayce
Clerk

No. 21-51154
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEONOR VERONICA RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-01846-1

Before SMITH, ELROD, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

A jury convicted Leonor Veronica Rodriguez of conspiring to transport illegal aliens and transporting illegal aliens for financial gain. On appeal, Rodriguez challenges the district court's admission of evidence at trial of the citizenship and immigration status of the aliens that Rodriguez

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

allegedly was trying to transport. She argues that the admission of the evidence violated her Sixth Amendment right to confront adverse witnesses. Because Rodriguez preserved her Sixth Amendment Confrontation Clause claim, we review it *de novo*, subject to a harmless error analysis. *See United States v. Noria*, 945 F.3d 847, 853 (5th Cir. 2019).

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court has held that the Confrontation Clause bars the admission of "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had [] a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). A statement is "testimonial" if its "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution." *United States v. Duron-Caldera*, 737 F.3d 988, 992-93 (5th Cir. 2013) (quotation marks and citation omitted).

Here, the biographical information obtained during the immigration processing of the aliens was nontestimonial. *See Noria*, 945 F.3d at 855-58. The Border Patrol agent testified that he followed the normal intake procedure for illegal aliens in this case by fingerprinting them, determining that they were born in Mexico and that they were in the United States illegally, and conducting a records check based on the fingerprints and biographical information. The agent further testified that the biographical information was inputted into the agency's records system. We have held that such biographical information routinely obtained during immigration processing – including citizenship and immigration status – is nontestimonial because the primary purpose of such information gathering is "administrative, not investigative or prosecutorial." *Noria*, 945 F.3d at 857.

No. 21-51154

Accordingly, the admission of that information did not violate the Confrontation Clause. *See id.* at 849.

The district court's judgment is AFFIRMED.